**FILED**
**NOVEMBER 20, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6561**

| | |
|---|---|
| JUDITH MAHER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GUIDANT CORPORATION and GUIDANT SALES CORPORATION,<br><br>　　　　　Defendants. | Case No. _____<br><br>Circuit Court of Cook County, County Department, Law Division<br>No. 07 L 7363 |

**JUDGE NORDBERG**
**MAGISTRATE JUDGE SCHENKIER**

### DEFENDANTS' NOTICE OF REMOVAL

TO:　THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:

Defendants Guidant Corporation ("Guidant") and Guidant Sales Corporation ("GSC") pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) and 28 U.S.C. § 1446, file this Notice of Removal of this cause from the Circuit Court of Cook County, County Department, Law Division, Illinois, to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, defendants state as follows:

　　1.　On July 16, 2007, plaintiff filed her Complaint against defendants. A copy of plaintiff's Complaint filed in state court is attached as "Group Exhibit A." The action is styled: *Judith Maher v. Guidant Corporation, and Guidant Sales Corporation,* Docket No. 07 L 7363, in the Circuit Court of Cook County, County Department, Law Division, Illinois.

　　2.　Guidant was served with an Alias Summons and Complaint on October 22, 2007, 2007. A copy of the CT Corporation Service of Process Transmittal Form that shows Guidant was served with process on October 22, 2007, is attached and included with Group Exhibit A.

　　3.　This suit is an action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one that may be removed to this

Court under the provisions of Title 28, United States Code, Section 1441, in that there exists complete diversity of citizenship between plaintiff and defendants in the underlying cause, and the amount in controversy exceeds $75,000. This action is being removed to the District Court for the district where the action is pending.

4. Plaintiff Judith Maher is a citizen of Illinois. *See* Complaint ¶ 3.

5. Guidant is a foreign corporation. More specifically, Guidant is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Pursuant to 28 U.S.C. § 1332(c)(1), Guidant is a citizen of Indiana.

6. GSC is also a foreign corporation. GSC is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Pursuant to 28 U.S.C. § 1332(c)(1), GSC is a citizen of Indiana.

7. Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists between plaintiff and defendants.

8. Based on plaintiff's allegations and the damages sought, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's claims against defendants which sound in negligence (i.e., Count I), strict products liability (i.e., Count II), and breach of warranty (i.e., Count III), arise from her use of an implantable defibrillator that was allegedly "designed, tested, manufactured, distributed [and/or] sold" by defendants. Plaintiff claims that as a result of the defective and unreasonably dangerous condition of the Discovery Model No. 1274 (serial number 403115) implantable cardioverter defibrillator, she sustained "great pain and anguish, of both mind and body, and will, in the future, continue to suffer" great pain and anguish. Plaintiff also contends that she "expended and became liable for and will" in the future "expend and become liable for large sums of money for medical care and services."

*Id..* Plaintiff prays for judgment against defendants in an amount in excess of the jurisdictional minimum. *Id.* at pp. 3, 6. Based on the allegations of the Complaint and the damages sought, the amount in controversy exceeds $75,000.

9. Additionally, there are over 2,200 cases that have been filed in or removed to federal court against defendants nationwide in which plaintiffs, like Judith Maher, allege that they are seeking compensatory damages for various personal injuries allegedly caused by an implantable defibrillator. Approximately 2,000 of these cases have already been consolidated in *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL No. 05-1708, which is pending in the United States District Court for the District of Minnesota. Defendants' good-faith belief and estimate, based on the experience of their counsel in similar matters, is that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *See Rubel v. Pfizer Inc.,* 361 F.3d 1016, 1020 (7th Cir. 2004); *Gallo v. Homelite Consumer Products,* 371 F. Supp. 2d 943, 947-48 (N.D. Ill. 2005).

10. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and is between citizens of different states.

11. Defendants' Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within 30 days after the defendant Guidant was served, and within one year of the filing of this action.

12. A copy of this Notice of Removal is being served on plaintiff and filed with the Circuit Court of Cook County, County Department, Law Division, Illinois.

WHEREFORE, defendants Guidant Corporation and Guidant Sales Corporation give notice that the matter styled *Judith Maher v. Guidant Corporation, and Guidant Sales*

3

*Corporation,* Docket No. 07 L 7363, in the Circuit Court of Cook County, County Department, Law Division, Illinois, is removed to the United States District Court for the Northern District of Illinois, and requests that this Court retain jurisdiction for all further proceedings.

                         Respectfully submitted,

                         /s/ John A. Roberts
                         Attorney for Defendants Guidant Corporation and
                         Guidant Sales Corporation

John A. Roberts (#6220432)
Jennifer L. Baugh (#6282487)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229
(312) 201-2000

## CERTIFICATE OF SERVICE

      I hereby certify that I served a copy of the foregoing *Notice of Removal of Action to Federal Court* on Scott A. Kogen, 134 North LaSalle Street, Suite 1515, Chicago, Illinois 60602, Attorney for Plaintiff, via Ordinary U.S. Mail, from 225 West Wacker Drive, Chicago, IL 60606, this 20th day of November, 2007.

/s/ John A. Roberts
Attorney for Defendants Guidant Corporation and
Guidant Sales Corporation

John A. Roberts (#6220432)
Jennifer L. Baugh (#6282487)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive - Suite 3000
Chicago, IL 60606-1229
(312) 201-2000