**07 C 6561**

**JUDGE NORDBERG**
**MAGISTRATE JUDGE SCHENKIER**

# GROUP

# EXHIBIT A



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

MIW / ALL
Transmittal Number: 5405360
Date Processed: 10/23/2007

| | |
|---|---|
| Primary Contact: | Jeffery Kruse<br>Boston Scientific/Guidant<br>4100 Hamline Avenue North<br>St. Paul, MN 55112 |
| Copy of transmittal only provided to: | Brenda McKee<br>Diane Barker<br>Julie Somora<br>Kelly Phillips<br>Mildred Helgeson |

| | |
|---|---|
| Entity: | Guidant Corporation<br>Entity ID Number  2488008 |
| Entity Served: | Guidant Corporation |
| Title of Action: | Judith Maher vs. Guidant Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court: | Cook  Circuit  Court, Illinois |
| Case Number: | 2007 L007363 |
| Jurisdiction Served: | Oregon |
| Date Served on CSC: | 10/22/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Regular Mail |
| Plaintiff's Attorney: | Scott A. Kogen<br>312-782-7341 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

## THE LAW OFFICES OF SCOTT A. KOGEN & ASSOCIATES, PC.
### Attorneys at Law
**134 N. LaSalle Street, Suite 1515**
**Chicago, Illinois 60602**
**(312) 782-7341**
**(312) 377-1771 Facsimile**

October 18, 2007

**VIA REGULAR MAIL**

Guidant Corporation
285 Liberty Street
Salem, Nevada 97301
Attn: Claims Department

Re:   **Judith Maher v. Guidant Corporation et. al.**
      **Case Number:  2007 L 007363**

Dear Claims Department,

Enclosed is a copy of the Complaint and summons issued in the case against Guidant.
Please send me a copy of your appearance in this matter as soon as possible

Sincerely,

Scott A. Kogen

SAK/dmj

Encs.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |   CCG N001-10M-1-07-05 (              )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ *Law* _____ DIVISION

(Name all parties)

*Judith Maher*

v.

*Guidant Corporation and Guidant Sales Corp.*

No. *2007 L 007363*
See ~~Attached~~ Service List

*alias*
**SUMMONS**

**To each Defendant:**

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room *802* , Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

   This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: *32195*
Name: *Law offices of Scott L Kagen & Associates, PC.*
Atty. for: *Plaintiff*
Address: *131 N. LaSalle Street, Suite 1515*
City/State/Zip: *Chicago, Il 60602*
Telephone: *( 312 ) 782-7341*

Service by Facsimile Transmission will be accepted at: _____

WITNESS. **OCT 18 2007**

~~illegible~~ BROWN

**Clerk of Court**

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)   (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JUDITH MAHER,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        No.
                                       )
GUIDANT CORPORATION, and               )
GUIDANT SALES CORPORATION,             )
                                       )
            Defendants.                )

## COMPLAINT AT LAW

NOW COMES Plaintiff, JUDITH MAHER, by and through his attorneys, LAW

OFFICES OF SCOTT A. KOGEN & ASSOCIATES, P.C., and complains of the

Defendants, as follows:

### PARTIES

1.      Defendant Guidant Corporation is a publicly traded corporation and has it

principal place of business in Indianapolis, Indiana.  Guidant Corporation designs,

manufactures, and markets the product that is at issue in this Complaint.

2.      Defendant Guidant Sales Corporation is a wholly owned subsidiary of Defendant

Guidant Corporation and has its principal place of business in Indianapolis, Indiana.

Guidant Sales Corporation markets, distributes, and sells the product that is at issue in

this Complaint.

3.      Plaintiff, Judith Maher lives in Chicago, IL, and had a Guidant Discovery, Model

1274, serial number 403115, implanted in September of 1998.

### GENERAL ALLEGATIONS

1

4.    Plaintiff realleges Paragraphs 1 through 3 as though fully stated herein.

5.    Defendants designed, tested, manufactured, and provided labeling for implantable pacemakers, including Discovery, Model 1274.

6.    These devices are surgically implanted in persons for certain types of heart disease that creates the risk of a life-threatening heart arrhythmia.

7.    Plaintiff had Discovery, Model 1274, Serial Number 403115 implanted into her chest. Due to information regarding the defective nature of this pacemaker, Plaintiff had it removed on October 19, 2005.

8.    The Discovery, Model 1274, manufactured between November 25, 1997 and October 26, 2000, was recalled on July 18, 2005, by Defendants. The seal within the devices can leak, allowing moisture to affect the electronic circuits, This defect can cause the pacemakers to fail to provide pacing or can cause a rapid heart rate or other unexpected side effects. The problems may occur without warning and can lead to loss of consciousness, and possibly heart failure and death.

9.    The device does not give any sign of impending failure. There is no test that could have predicted whether Plaintiff, Judith Maher's device would fail.

10.    Plaintiff did not discover the defect until July 22, 2005, when she received her recall letter from Defendants.

## COUNT I- NEGLIGENCE

11.    Plaintiff realleges Paragraphs 1 through 10 as though fully alleged herein.

2

12.    Defendants carelessly designed, tested, manufactured, marketed, distributed and sold the DISCOVERY. Model 1274.

13.    Defendants were negligent in manufacturing the Discovery pacemaker

14.    Defendants, GUIDANT CORPORATION and GUIDANT SALES CORPORATION, breached their duty to Plaintiff through one or more of the following acts and/or omissions:

   a)    Negligently designed, inspected, tested and manufactured the equipment it sold;

   b)    Negligently sold, leased or distributed a defective implantable pacemaker;

   c)    Failed to ensure that said pacemakers were functioning properly prior to sale or distribution.

   d)    Failed to properly test its implantable pacemakers to ensure their safe condition prior to sale or distribution.

15.    Defendants admitted that the Discovery Model 1274 was dangerous and defective when it recalled this product. Defendants had this actual knowledge on or before July 22, 2005.

16.    That as a direct and proximate result of one or more of the aforesaid negligent acts/or omissions, Plaintiff, JUDITH MAHER, sustained severe and permanent bodily injury. Further, Plaintiff has suffered great pain and anguish, of both mind and body, and will, in the future, continue to suffer. Plaintiff expended and became liable for and will expend and become liable for large sums of money for medical care and services.

WHEREFORE, Plaintiff, JUDITH MAHER, respectfully requests that this Court enter Judgment in her favor in an amount in excess of $50,000.00 and costs of this suit.

## COUNT II- STRICT LIABILITY

17.    Plaintiff realleges Paragraphs 1 through 16 as though fully alleged herein

18.    Defendants, designed, tested, manufactured, marketed, distributed and sold the Discovery pacemaker, Model 1274 in a condition which rendered it unreasonably dangerous due to its propensity to fail without warning.

19.    At all relevant times material to this matter, Defendants, had a duty to design, market, test, manufacture and/or produce equipment that was safe to individuals using the product for its intended purpose, and refrain from putting in the stream of commerce a defectively manufactured product which was likely to cause serious injury or death to individuals using such product for its intended purpose.

20.    Defendants, breached their duty to Plaintiff through one or more of the following acts and/or omissions:

a)    Designed an implantable pacemaker that was defective in that the seal could leak allowing moisture to affect the electrical circuits.

b)    Designed an implantable pace maker that lacked a means of warning the individual in the event that it malfunctioned;

c)    Designed an implantable pacemaker that was otherwise unsafe and defective;

4

     d)     Manufactured an implantable pacemaker that lacked adequate safeguards and safety devices to prevent malfunctions;

     e)     Failed to properly test the design of the implantable pacemaker prior to placing it into the stream of commerce

     f)     Placed into the stream of commerce an implantable pacemaker that lacked adequate safeguards and safety devices to prevent malfunctions;

     g)     Placed into the stream of commerce an implantable pacemaker that was otherwise unsafe and defective.

     h)     Was otherwise negligent in the manufacturing, design and distribution of said implantable pacemaker.

21.     That as a direct and proximate result of one or more of the aforesaid product defects, Plaintiff, JUDITH MAHER, suffered great pain and anguish, of both mind and body, and will, in the future, continue to suffer. Plaintiff expended and became liable for and will expend and become liable for large sums of money for medical care and services.

22.     Defendants admitted that the Discovery Model 1274 was dangerous and defective when it recalled this product. Defendants had this actual knowledge on or before July 22, 2005.

23.     That the defects existed when Defendants placed these devices into the stream of commerce.

24.     That as a direct and proximate result of one or more of the aforesaid negligent acts/or omissions, Plaintiff, JUDITH MAHER, sustained severe and permanent bodily

injury.   Further, Plaintiff has suffered great pain and anguish, of both mind and body,

and will, in the future, continue to suffer.  Plaintiff expended and became liable for and

will expend and become liable for large sums of money for medical care and services.

WHEREFORE, Plaintiff, JUDITH MAHER, demands judgment against the

Defendants, in a sum greater than $50,000.00 plus costs and any additional relief this

Court deems fair and just.

## COUNT III BREACH OF WARRANTY

25.    Plaintiff realleges 1 Paragraphs 24  through  as though fully alleged herein.

26.    Defendants impliedly warranted that its implantable pacemaker devices were

merchantable, fit and safe for ordinary use and for a particular purpose.

27.    Defendants breached all warranties by selling their implantable pacemakers which

were defective and unsafe.

28.    That as a direct and proximate result of one or more of the aforesaid negligent

acts/or omissions, Plaintiff, JUDITH MAHER, sustained severe and permanent bodily

injury.   Further, Plaintiff has suffered great pain and anguish, of both mind and body,

and will, in the future, continue to suffer.  Plaintiff expended and became liable for and

will expend and become liable for large sums of money for medical care and services.

WHEREFORE Plaintiff, JUDITH MAHER, respectfully requests that this

Honorable Court enter a Judgment in her favor in an amount exceeding $50,000.00 and

the costs of this lawsuit.

6

Scott A. Kogen, P.C.

Law Offices of Scott A. Kogen & Associates, P.C.
134 N. LaSalle St., Suite 1515
Chicago, IL 60602
312-782-7341
32193

Scott A. Kogen & Associates P.C
134 N. LaSalle Suite 1515
Chicago, IL 60602

PB869693
OCT 18 07
MAILED FROM CHICAGO IL  60602
$00.58
5108

Guidant Corporation
285 Liberty Street
Salem, Nevada 97301
Attn: Claims Department