IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH MAHER,<br><br>        Plaintiff,<br><br>v.<br><br>GUIDANT CORPORATION and GUIDANT SALES CORPORATION,<br><br>        Defendants. | Case No. 07 C 6561<br><br>Honorable Judge John Nordberg<br>Magistrate Judge Sidney Schenkier |

## DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS IN THIS COURT PENDING TRANSFER TO MDL 1708

Defendants Guidant Corporation ("Guidant") and Guidant Sales Corporation ("GSC"), by and through its counsel, moves the Court pursuant to Fed. R. Civ. P. 6(b) to stay all proceedings in this case including, but not limited to: (i) the time period for the parties to make initial disclosures under Fed. R. Civ. P. 26; and (ii) other discovery and pretrial deadlines, pending transfer of this action to MDL 1708. In support of this motion, Defendants state:

1. Plaintiff filed this lawsuit on July 16, 2007.

2. Guidant was served with an alias summons and complaint on October 22, 2007.

3. On November 20, 2007, Defendants timely removed this case from the Circuit Court of Cook County, County Department, Law Division to this Court.

4. On November 29, 2007, Defendants timely filed their answer and affirmative defenses to plaintiff's complaint.

5. Plaintiff's claims in the above-captioned action arise from Judith Maher's use of an implantable defibrillator that was allegedly designed, manufactured, distributed and/or sold by Defendants.

6. Additionally, over 2,200 cases have been filed in federal courts or removed to federal courts throughout the country that involve various injuries allegedly caused by cardiac medical devices allegedly designed, manufactured, distributed and/or sold by Defendants. The Judicial Panel on Multi-District Litigation ("JPML") established a MDL Court on November 7, 2005, and began transferring cases involving these allegedly defective cardiac devices to the United States District Court for the District of Minnesota for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation,* (JPML 2005) (Transfer Order) (Attached as Exhibit A). According to the JPML, one of the primary purposes for consolidating these cases was to conserve judicial resources and avoid inconsistent rulings. *See id.* at p. 2.

7. Defendants have submitted this action to the JPML as a tag-along case for transfer to the MDL Court. The JPML will likely transfer this case conditionally. Defendants expect the transfer of this case to be completed in the near future.

8. A stay of all proceedings in this Court pending transfer to the MDL Court is appropriate because such a stay will promote judicial economy and consistency. Transfer of this case will permit the MDL Court to decide the many issues, including jurisdictional issues, that are likely to arise in the many cases pending against Defendants throughout the country. To date every Court within the Northern District of Illinois that has considered Defendants' motion to stay all proceedings pending transfer to the MDL in cases which are related to the case at bar has granted Defendants' motions and stayed those proceedings pending their transfer to MDL 1708. *See e.g., Canning v. Guidant Corp., et al., Case No. 07 C 4133 (August 13, 2007, Order at Doc. No. 13); Keating v. Guidant Corp., et al., Case No. 07 C 3393 (August 1, 2007, Order at Doc. No. 11); Bogacz v. Guidant Sales Corp., Case No. 07 C 2338 (May 11, 2007, Order at Doc. No.*

11); *Sizemore v. Guidant Corp., et al.*, Case No. 06 C 6369 (December 7, 2006, Order at Doc. No. 10); *Green v. Guidant Corp.*, Case No. 06 C 2708 (May 23, 2006, Order at Doc. No. 11); *Keene v. Guidant Corp.*, Case No. 06 C 1228 (March 23, 2006, Order at Doc. 10); *Hocking v. Guidant Corp., et al.*, Case No. 06 C 0747 (February 23, 2006, Order at Doc. 11).

10. A stay in this Court pending transfer to the MDL Court will not prejudice Plaintiff. Once the case is transferred, the parties will be subject to a rigorous pretrial schedule.

WHEREFORE, Defendants, Guidant Corporation and Guidant Sales Corporation, respectfully request that this Court enter an Order staying all proceedings in this Court including, but not limited to: (i) the time period for the parties to make initial disclosures under Fed. R. Civ. P. 26; and (ii) other discovery and pretrial deadlines, pending transfer of this case to the MDL Court.

Dated: November 30, 2007

Respectfully submitted,

/s/ John A. Roberts
Attorney For Defendants Guidant Corporation and
Guidant Sales Corporation

John A. Roberts (#6220432)
Jennifer L. Baugh (#6282487)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive - Suite 3000
Chicago, IL 60606-1229
(312) 201-2000

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 30, 2007, I electronically filed the foregoing ***Defendants' Motion to Stay All Proceedings in This Court Pending Transfer to MDL 1708*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Scott A. Kogen<br>
134 North LaSalle Street, Suite 1515<br>
Chicago, Illinois 60602<br>
Attorney for Plaintiff Judith Maher

A copy was also personally served on the aforementioned person by messenger on November 30, 2007.

                                                  /s/ John A. Roberts<br>
                                                  Attorney for Defendants Guidant Corporation and Guidant Sales Corporation

John A. Roberts (#6220432)<br>
Jennifer L. Baugh (#6282487)<br>
WILDMAN, HARROLD, ALLEN & DIXON LLP<br>
225 West Wacker Drive - Suite 3000<br>
Chicago, IL  60606-1229<br>
(312) 201-2000